Stephen T. Boyke, OSB #881628
E-mail: steve@boykelaw.com
Law Office of Stephen T. Boyke
10211 SW Barbur Blvd., Suite 206A
Portland, OR 97219
(503)227-0417
        Attorney for Debtor in Possession

LAW OFFICE OF STEPHEN T. BOYKE
10211 SW Barbur Blvd., Suite 206A
Portland, OR 97219
(503) 227-0417 • steve@boykelaw.com

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re | ) Case No. |
| | ) |
| Deer Meadows, LLC | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) APPLICATION OF DEBTOR-IN- |
| | ) POSSESSION FOR AUTHORITY TO |
| | ) EMPLOY ATTORNEY |
| | ) (Law Office of Stephen T. Boyke) |

The applicant debtor-in-possession, Deer Meadows, LLC ("Debtor"), respectfully represents:

1.      Debtor filed a petition under Chapter 11 of the Bankruptcy Code on September 29, 2016.

2.      Debtor wishes to employ the Law Office of Stephen T. Boyke, an attorney duly admitted to practice in this Court, as its attorney in this bankruptcy case.

3.      Debtor has selected Stephen T. Boyke for the reason that he has experience in bankruptcy matters, including those of the character of this case.

4.      The professional services that Stephen T. Boyke will provide include: (a) to give Debtor legal advice with respect to its powers and duties as debtor-in-possession in the

Page 1 of 3 -  APPLICATION OF DEBTOR-IN-POSSESSION FOR AUTHORITY TO EMPLOY
                  ATTORNEY (Law Office of Stephen T. Boyke)

LAW OFFICE OF STEPHEN T. BOYKE
10211 SW Barbur Blvd., Suite 206A
Portland, OR 97219
(503) 227-0417 • steve@boykelaw.com

1 operation of its business; (b) to institute such adversary proceedings or contested matters as

2 are necessary in the case; (c) to represent Debtor generally in the proceedings and to propose

3 on behalf of Debtor as debtor-in-possession necessary applications, answers, orders, reports,

4 disclosure statements, plans and other legal papers; and (d) to perform all other legal services

5 for the Debtor-in-Possession or to employ an attorney for such professional services.

6      5.    To the best of Debtor's knowledge, the Law Office of Stephen T. Boyke has no

7 connection with creditors, equity security holders or any other interested party, or their

8 respective attorneys, except as disclosed in the Rule 2014 Verified Statement filed with and

9 attached to this application.

10      6.    The Law Office of Stephen T. Boyke represents no interest adverse to the

11 Debtor as debtor-in-possession or to the bankruptcy estate in the matters upon which he is to

12 be engaged, and his employment would be in the best interests of the estate.

13      7.    The proposed rate of compensation, subject to final court approval, is the

14 customary, hourly rates in effect when services are performed by Mr. Boyke and his staff.

15 The proposed terms of employment are as set forth in the Attorney/Client Chapter 11 Fee

16 Agreement, a copy of which is attached as Exhibit 1 which has been executed by Debtor and

17 Stephen T. Boyke. The current hourly rates are as follows:

| Service Provider | Rate |
|---|---|
| Stephen T. Boyke | $350.00/hr |
| Paralegal | $125.00/hr |
| Project Assistant | $ 60.00/hr |

22     These hourly rates are subject to periodic adjustment to reflect economic conditions

23 and increased experience and expertise in this area of the law.

24     WHEREFORE, Debtor prays that it be authorized to employ and appoint the Law

25 Office of Stephen T. Boyke to represent it as debtor-in-possession in this chapter 11

26 bankruptcy case. Debtor further prays for an Order approving the terms and conditions of

Page 2 of 3 - APPLICATION OF DEBTOR-IN-POSSESSION FOR AUTHORITY TO EMPLOY
            ATTORNEY (Law Office of Stephen T. Boyke)

LAW OFFICE OF STEPHEN T. BOYKE
10211 SW Barbur Blvd., Suite 206A
Portland, OR 97219
(503) 227-0417 • steve@boykelaw.com

1    the attorney's employment as set forth in the Attorney/Client Chapter 11 Fee Agreement

2    attached hereto as Exhibit 1.

3        DATED: September 30, 2016

4                  Respectfully submitted:

5

6                  Law Office of Stephen T. Boyke

7                  /s/ Stephen T. Boyke
                   Stephen T. Boyke, OSB # 881628

8                  Attorney For Debtor in Possession

9

10                Deer Meadows, LLC

11                by /s/ Kristin Harder
                   Kristin Harder, Manager

12

13 /Users/Steve/Documents/Law Office/Clients/Deer Meadows LLC/Bankruptcy Case/Employment/Boyke/Application to Employ Stephen T
Boyke.pages

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 3 of 3 -   APPLICATION OF DEBTOR-IN-POSSESSION FOR AUTHORITY TO EMPLOY
          ATTORNEY (Law Office of Stephen T. Boyke)

Exhibit 1

# ATTORNEY/CLIENT CHAPTER 11 FEE AGREEMENT
## (Earned on Receipt Retainer)

CLIENT:      Deer Meadows, LLC

ATTORNEY:  Law Office of Stephen T. Boyke

DATED:       September 23, 2016

Client desires to retain Attorney for but not limited to the purposes described in this Agreement and agrees to be responsible for payment of the Attorney's fees and costs as established in this Agreement. Attorney agrees to represent Client under the terms and conditions of this Agreement and to be compensated at the rates set forth in this Agreement.

Services Provided. Client requests and the Attorney agrees to render professional services including (a) giving Client legal advice with respect to its business operations (b) assisting Client in any proposed reorganization of its business (c) if authorized, filing an appropriate petition for relief under Title 11 of the United States Bankruptcy Code; (d) giving Client legal advice with respect to its powers and duties in any bankruptcy case; (e) proposing on behalf of Client all necessary applications, answers, orders, disclosure statements, plans of reorganization, reports or other legal papers; (f) performing for Client any and all other legal services which may be necessary in connection with the filing of any petition or proceeding in bankruptcy.

Excluded Services. Client and Attorney agree that the following services are specifically excluded. Attorney shall not be responsible for the following services in connection with Attorney's legal engagement:

1)      Preparation of monthly Bankruptcy Rule 2015 reports.

Attorney Compensation. Client and Attorney agree that the Attorney's compensation for services performed pursuant to this Agreement shall be the Attorney's customary hourly rates in effect at the time the services are performed for the Attorneys, legal assistants and staff who provide services for Client . At the time of the execution of this Agreement, the current hourly rates are as follows:

| NAME | RATE |
|---|---|
| Stephen T. Boyke | $350.00/hr |
| Paralegal | $125.00/hr |
| Project Assistant | $ 60.00/hr |

These hourly rates are subject to periodic adjustment to reflect economic conditions and increased experience and expertise in this area of law. Attorney, paralegal or project assistant

time will be billed in minimum .10 hour increments.  Client will be provided with itemized monthly statements for services rendered and expenses incurred which will be mailed on approximately the 10th of each calendar month.  Client agrees that the services rendered by Attorney began on September 21, 2016.

Earned on Receipt Retainer - Minimum Fee.  Client agrees to a Minimum Fee of $26,283.00 (Twenty-Six Thousand Two-Hundred and Eighty-Three Dollars) for Attorney's engagement, which shall be paid in advance and deemed earned on receipt or, in the exercise of Attorney's discretion, deemed earned on any subsequent date prior to the date Client's Chapter 11 case is filed.  The minimum fee shall be applied as indicated in this Agreement.  Based on a variety of factors and confidential discussions between Attorney and Client subject to an Attorney/Client privilege, Attorney and Client agree that the earned on receipt retainer is a reasonable estimate of the minimum amount of fees Attorney will expend in the case.  Some of the factors which Attorney and Client considered in projecting the Minimum Fee included the following:

a)  The size of the case in terms of assets, liabilities and number of creditors;

b)  The type and character of the debts: secured, priority and unsecured;

c)  The existence of disputes or litigation, both before and after a bankruptcy case is filed;

d)  The sophistication or lack thereof of Client;

e)  The condition of Client's books and records;

f)  The possibility of postpetition litigation in which Attorney will have the obligation to defend Client;

g)  The inability of Attorney to resign without Court approval and the possibility that the Court would not approve of withdrawal;

h)  The complexity of Client's affairs;

i)  The amount of Attorney fees typically incurred by a Chapter 11 Debtor for a comparable Chapter 11 cases within the District of Oregon;

j)  The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

k)  The emergency nature of Client's situation and the need to file a bankruptcy case immediately;

l)  Because Attorney is a solo practitioner, and has a finite amount of time available to perform work for Clients, the likelihood that acceptance of Client's chapter 11 case will necessarily preclude Attorney from accepting other significant employment or cases;

m)  The time limitations dictated by Client circumstances, which will require a prompt filing and potentially significant time incurred in connection with schedule and statement of financial affairs preparation, first day motions preparation and possible contested matters at the outset of the case;

n)  The nature and length of the professional relationship between the Attorney and Client;

o)  The experience, reputation and ability of the Attorney; and

p)  The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly.

Attorney and Client agree that the actual fees will likely be more because of a variety of factors, many of which are not within the control of Attorney or Client.  Attorney is not limited to the Minimum Fee.  Client shall not be entitled to a refund or return of any amounts paid to Attorney as the Minimum Fee except as provided in this Agreement.  Attorney and Client acknowledge that the Bankruptcy Court is entitled and required to review Attorney's fees and costs, including the earned on receipt retainer, for reasonableness.  The Bankruptcy Court may reduce the amount of the earned on receipt retainer in such amount that it determines reasonable based on the totality of the circumstances, including a consideration of the reasonableness of the fee based on the circumstances which existed at the time the employment began, as well as a consideration of the reasonableness of the fee after the services have been rendered and the representation has concluded.  If the Bankruptcy Court requires a reduction in the amount of the Minimum Fee, Attorney and Client agree that all other terms and conditions of this fee agreement shall continue to apply.

Attorney shall seek additional compensation from Client once Attorney's charges for services, when calculated at Attorney's hourly rates provided for in this Agreement, plus costs incurred, exceed the Minimum Fee.

To the extent permitted by law, the Minimum Fee due under this Agreement shall be nonrefundable.  However, if Attorney fails to perform the services specified in this Agreement, Client shall be entitled to a refund of unearned fees, after Attorney is compensated for services under the terms and conditions of this Agreement, including reimbursement of expenses incurred and payment for services actually provided at Attorney's hourly rates set forth in this Agreement. If permitted under applicable law, if Attorney's failure to provide services as obligated under this Agreement is caused by Client's refusal to cooperate, Client's dishonesty in testimony or in documents filed in the bankruptcy court, or Client's bad faith termination of Attorney's

employment without reasonable cause, then Client shall not be entitled to any refund of any portion of the earned on receipt retainer.

Attorney has discussed with Client that the "Oregon Rules of Professional Conduct," ("ORPC") which govern the conduct of all attorneys practicing in the State of Oregon, do not permit a lawyer to charge an "excessive" fee. Accordingly, at the conclusion of the representation, Attorney and Client will review the reasonableness of the Minimum Fee in light of the services actually performed by Attorney, and to the extent that the Attorney's retention of the Minimum Fee would result in the imposition of an "excessive" fee, Attorney would adjust the Minimum Fee to be in compliance with the ORPC, and refund to Client such portion of the Minimum Fee as would be necessary for compliance with the ORPC.

In recognition of the risk that exists in any Chapter 11 case that the Chapter 11 case may not be successful and, if not successful, that the case may be converted to Chapter 7, and in further recognition that Attorney will have the obligation to provide services to Client during the course of a Chapter 7 case in the event of conversion to Chapter 7, Client desires to provide payment for such risk in advance. Client and Attorney acknowledge that current bankruptcy law prohibits payment to the Attorney for Chapter 7 services from the funds of a Chapter 7 bankruptcy estate. Client and Attorney reasonably agree and project that the fees likely to be incurred by Attorney in a converted Chapter 7 case will likely be not less than $5,000.00. In recognition of such potential future liability, Client and Attorney agree that a sum of $3,500.00 is reasonable advance compensation to Attorney for the risk assumed by Attorney of services to be performed in a possible future Chapter 7 case ("Chapter 7 Risk Fee"). Attorney and Client further agree that the sum of $3,500.00 shall be allocated from the retainer paid to compensate Attorney for the risk of providing services in a future Chapter 7 case, and that such $3,500.00 shall be deemed earned on receipt by Attorney as payment for the risk of having to perform services in a potential future Chapter 7 case. Further provided that upon the occurrence of the Effective Date of any confirmed plan of reorganization in Debtor's Chapter 11 case, the Chapter 7 Risk Fee shall be credited to any approved but unpaid chapter 11 fees owing to Attorney, and any unused amount will be refunded to Client; provided, further, that once such a credit is given Attorney shall have no obligation to provide legal services to Client concerning any later conversion of the bankruptcy case to Chapter 7.

Attorney and Client have discussed the Minimum Fee in the case. Client acknowledges that it has been informed that the total fees in the case will likely exceed the Minimum Fee. Client acknowledges that it has had the opportunity to confer with other counsel before the signing of this Agreement and is satisfied that the Minimum Fee as projected by Attorney is within the reasonable range of fees likely to be incurred in the case.

Client acknowledges that the Minimum Fee will be earned and applied prior to the filing of Client's chapter 11 case. Notwithstanding, Client agrees, and hereby grants to Attorney, a lien upon and a security interest in, all of Client's funds in Attorney's possession on the petition date, if such funds have not been applied in payment of the Minimum Fee due under this Agreement.

Attorney shall have the option, but not the duty, to proceed with representing Client prior to payment of the above described retainer.  If Attorney performs services prior to receipt of the retainer, the Attorney may withdraw from representing Client at any time prior to payment of the agreed retainer.

Attorney and Client agree that the existence of this Agreement shall be adequately disclosed to the Court and other interested parties, including but not limited to the United States Trustee.

Client acknowledges that the Attorney has advised that under the rules of the Bankruptcy Court, the Attorney has the right to submit an application for payment of fees and expenses to the Court in accordance with the Court's rules, which will be done as frequently as court rules permit.  Such petitions for fees and expenses, when approved, will be paid from Client's post-petition income to the extent authorized by the Court.  Client agrees that Attorney can seek Court approval for monthly payment of services provided if the Retainer is insufficient to compensate Attorney for services rendered.

Until any payment made by Client to Attorney under this Agreement clears normal banking channels and the funds are paid to Attorney's bank account, Attorney shall have the option to decline to commence representing Client.  To avoid timing problems waiting for a retainer check to clear, Attorney recommends that retainer checks be paid in certified funds, wire transfer or cash.  The funds will be deposited in Attorney's general business account and not Attorney's trust account.

Expenses and Costs.  Client acknowledges that the application of the retainer is for Attorney's, paralegal's and project assistant's hourly services, not for payment of out-of-pocket costs associated with representing Client.  In addition to the Minimum Fee, Client shall pay Attorney the sum of $1,717.00 before commencement of a bankruptcy case, which is the amount of the filing fee for a Chapter 11 case.  Attorney shall pay the $1,717.00 filing fee directly to the Bankruptcy Court when the bankruptcy case is filed.  As set forth elsewhere in this Agreement, Attorney shall have the option to require Client to perform various mailings and advance other significant costs as they become due.

In addition to the foregoing hourly rates, Client agrees to be responsible for payment of all costs incurred in representing Client.  Examples of such costs include filing fees, court reporter fees, photocopies (whether made in the Attorney's office or an outside printing service), etc.  The Attorney's "Expense Policy Statement" is attached as Exhibit A.  A quarterly fee based on disbursements is assessed by the Office of the US Trustee on all Chapter 11 debtors.  A copy of the US Trustee's fee schedule will be provided to Client.  Client is responsible for timely payment of the quarterly fees.

Exhibit 1 - Page 5 of 9                                      Attorney/Client Fee Agreement

Client has been informed and acknowledges that Attorney has no responsibility to hire outside professionals such as appraisers, accountants, bookkeepers, expert witnesses, etc., unless those costs are paid in advance by Client to the Attorney. All professionals must also be approved by the Bankruptcy Court before starting work or the Court may deny payment to the professional.

Client Duties. Client will have significant duties and tasks in the Chapter 11 case. Designated Client representative(s) will be fiduciaries.

Client acknowledges it has been informed of the Court's rule requiring the filing of a Bankruptcy Rule 2015 Report on the Court's form by the 21st day of each succeeding month. The form of such report will be separately provided to Client. Client assumes all responsibility for completing the Bankruptcy Rule 2015 Report and delivering it to the Attorney's office not later than the 18th day of the calendar month. Failure to timely file these reports can result in dismissal of the Chapter 11 proceeding or conversion to Chapter 7.

If asked by the Attorney, Client agrees to perform all mailings required by the Bankruptcy Code or Rules. Client agrees to pay the costs thereof separately. Attorney assumes no responsibility for advancing the costs of major mailings in the case. Client acknowledges that Attorney has advised Client that there could be several major mailings during the course of a Chapter 11 case and that the costs of printing and postage for such mailings are significant costs. Client may be required to send documents to each of Client's creditors in connection with each such mailing. Client agrees to pay mailing costs in advance of such mailings directly to the company which will be performing such mailings.

Client agrees to cooperate with Attorney, to complete all forms requested by the Attorney and to provide the Attorney with all information necessary to enable the Attorney to represent Client's best interests. If Client unreasonably declines to cooperate, or should knowingly provide the Attorney with false or fraudulent information or testify untruthfully in any matter before the Court, Client agrees that Attorney shall have the right to immediately resign, subject to Bankruptcy Court approval.

Client agrees to provide Attorney with timely responses to requests for documentation and information and to make such available to Attorney or his personnel in order that Attorney may effectively carry out his function as Client's attorney. Bear in mind that if Attorney does not obtain such cooperation, the quality of Attorney's representation may suffer and Attorney may feel constrained to withdraw from any further work.

Minimum Billing Increments. Attorney charges in minimum billing increments for certain services, which Client agrees to pay, which are shown below:

Exhibit 1 - Page 6 of 9                                    Attorney/Client Fee Agreement

| Service | Minimum Billing Increment |
|---|---|
| Prepare letter or correspondence | 0.1 |
| Telephone Call | 0.1 |
| Listen to Voice-Mail | 0.1 |
| Leave Voice-Mail | 0.1 |
| Review Email | 0.1 |
| Reply to Email | 0.1 |
| Review Correspondence or Notices Relating to Client's Case | 0.1 |

Attorney strives to keep Client informed of the work Attorney is performing, and Attorney stands ready to explain his services and invoices to Client's satisfaction. If Client ever has questions regarding Attorney's charges, please let Attorney know immediately so that Attorney can attempt to resolve any concerns fairly and without delay. Also, if Client has a particular need relative to Attorney's invoicing (e.g., the billing format or timing of delivery), please let Attorney know and Attorney will try to accommodate Client. Attorney appreciates the opportunity to serve as Client's attorneys and anticipates a productive and harmonious relationship. If Client becomes dissatisfied for any reason with the services Attorney has performed or Client disputes any of the fees, costs or expenses charged by Attorney, Attorney encourages Client to bring that dissatisfaction or dispute to Attorney's attention at the earliest possible time. Most problems should be rectifiable through such communication. However, should a dispute arise between Attorney and/or Client which cannot be resolved in that manner, then the Bankruptcy Court will resolve the dispute.

Termination of Engagement. Client may terminate the attorney/client relationship at any time and for any reason by delivering to Attorney a written notice of termination. Attorney also reserves the right to terminate the attorney/client relationship, by delivering to Client a written notice, if Client fails to pay Attorney when due any amount Client owes Attorney, if Client fails to cooperate with Attorney or to disclose to Attorney material information, or if for any other reason Attorney feels Attorney is unable to continue an effective attorney/client relationship, in each case, to the extent permitted by the applicable rules of professional conduct, and subject to any applicable rules requiring notice and Bankruptcy Court approval. Upon any termination, Client will remain liable for all fees, costs and expenses incurred prior to the termination of the attorney/client relationship. Upon termination, Attorney will provide Client with the original or a copy of all Client's files in Attorney's possession, retaining a copy for Attorney in Attorney's discretion and at Attorney's cost. Once Attorney's representation is terminated, Attorney will have no obligation to inform Client of due dates, subsequent developments or the like, or to maintain any documents or dockets relating to Client's matters.

ATTORNEY DOES NOT UNDERTAKE TO GIVE CLIENT TAX ADVICE. CLIENT AGREES TO CONSULT ITS OWN ACCOUNTANT OR COMPETENT TAX COUNSEL, WITH RESPECT TO ALL TAX ISSUES.

DATED:  September 23, 2016

ATTORNEY                                          CLIENT

Law Office of Stephen T. Boyke                    Deer Meadows, LLC

  /s/ Stephen T. Boyke                            by  Aspen Foundation III, an Oregon
_____                                   Nonprofit Corporation,
                                                      co-manager and sole member

                                                   /s/ Kristin Harder
                                                  _____
                                                  by Kristin Harder, President

                                                    /s/ Kristin Harder
                                                  _____
                                                  by Kristin Harder, co-manager

Exhibit 1 - Page 8 of 9                           Attorney/Client Fee Agreement

Photocopies:                        .10 per page (in house).

Fax:                                No charge.

Outside Services:                   Actual cost.

Postage:                            Actual cost.

Long Distance:                      Actual cost.

Computerized Research:              Actual cost.

Travel:                             Travel expenses are actual and air fare is coach or
                                    economy class only.  Other expenses are actual.  Mileage is
                                    charged at the rate of allowed for federal tax deductions
                                    (currently 54.0¢ per mile).

PACER:                              Actual cost (.10 per page).

Other:                              Any charges not mentioned above will be charged in
                                    accordance with the applicable U.S. Bankruptcy Court Cost
                                    Guidelines contained in Bankruptcy Rule 2016.

In re                                        )
                                             )   Case No. _____
                                             )
                                             )   RULE 2014 VERIFIED STATEMENT
Debtor(s)                                    )   FOR PROPOSED PROFESSIONAL
                                             (Law Office of Stephen T. Boyke)

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1.   The applicant is not a creditor of the debtor except:


2.   The applicant is not an equity security holder of the debtor.

3.   The applicant is not a relative of the individual debtor.

4.   The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5.   The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6.   The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7.   The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8.   The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor.

9.   The applicant is not a person in control of the debtor.

10.  The applicant is not a relative of a director, officer or person in control of the debtor.

11.  The applicant is not the managing agent of the debtor.

12.  The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13.  The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:



1114 (11/30/09)     Page 1 of 3

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant

Case 16-33768-pcm11    Doc 8    Filed 09/30/16