Stephen T. Boyke, OSB #881628
E-mail: steve@boykelaw.com
Law Office of Stephen T. Boyke
10211 SW Barbur Blvd., Suite 206A
Portland, OR 97219
(503) 227-0417
    Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re | ) Case No. 16-33768-pcm11 |
| Deer Meadows, LLC | ) Chapter 11 |
| Debtor. | ) DEBTOR'S MOTION TO EXTEND THE EXCLUSIVITY PERIODS PURSUANT TO 11 U.S.C. § 1121(d) AND TO EXTEND DEADLINE TO FILE DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION |

Debtor moves the Court, pursuant to 11 USC § 1121(d), for an extension of the exclusivity period in 11 USC § 1121(b) and to extend the deadline for debtor to file a disclosure statement and a plan of reorganization to a date no earlier than April 17, 2017. Debtor also requests an extension of the exclusivity period in 11 USC § 1121(c) to a date no earlier than June 15, 2017. Debtor respectfully represents:

1. Debtor filed a petition for relief with the Court on September 30, 2016. Section 1121(b) of the United States Bankruptcy Code (the "Code") provides that only the debtor may file a plan within the 120 days after the date of the order for relief. Section

Page 1 of 3 - DEBTOR'S MOTION TO EXTEND THE EXCLUSIVITY PERIODS PURSUANT TO 11 U.S.C. § 1121(d) AND TO EXTEND DEADLINE TO FILE DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION

LAW OFFICE OF STEPHEN T. BOYKE
10211 SW Barbur Blvd., Suite 206A
Portland, OR 97219
(503) 227-0417 • steve@boykelaw.com

1121(c) of the Code further provides that a party in interest other than the debtor may file a plan only if (1) a trustee has been appointed; (2) the debtor has not filed a plan before 120 days after the date of the order for relief; or (3) the debtor has not filed a plan that has been accepted before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan. The day 120 days after the date of the order for relief in this case is January 28, 2016, and the day 180 days after the date of the order for relief in this case is March 29, 2017.

2. By prior order of this Court [Dkt#076], the debtor is to file a disclosure statement and a plan of reorganization no later than January 30, 2017.

3. Section 1121(d) of the Code provides that the periods specified in Section 1121(b) and (c) may be extended for cause. Factors used to evaluate "cause" include (1) number of prior extensions; (2) complexity of the case; (3) duration of time since the filing of the case; (4) whether the debtor appears to be proceeding in bad faith; (5) improved operating revenues so that the debtor was paying current expenses; (6) a reasonable prospect for filing a viable plan; (7) whether the debtor was making satisfactory progress negotiating with key creditors; (8) whether the debtor was seeking an extension of exclusivity to pressure creditors; and (9) whether the debtor was depriving the Committee of material or relevant information. *In re Henry Mayo Newhall Memorial Hosp.,* 282 BR 444, 452 (9$_{th}$ Cir. BAP 2002). The primary consideration is whether adjustment of exclusivity will facilitate moving the case forward toward a fair and equitable resolution. *Id*. at 453.

4. No prior requests to extend the exclusivity period have been made. Debtor has made meaningful progress by employing necessary general counsel, a real estate broker, special counsel and a patient care ombudsman, timely complying with reporting and meeting requirements, obtaining necessary and appropriate stipulated allowances for use of cash collateral with debtor's secured lenders and providing adequate assurance of payment for utility services.

Page 2 of 3 - DEBTOR'S MOTION TO EXTEND THE EXCLUSIVITY PERIODS PURSUANT TO 11 U.S.C. § 1121(d) AND TO EXTEND DEADLINE TO FILE DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION

Case 16-33768-pcm11    Doc 102    Filed 01/23/17

5. At the case management conference, debtor informed the Court it was in negotiations with a prospective purchaser of its real property and business assets. That sale will likely occur with an anticipated closing of April 1, 2017. Once the sale consummated, debtor will either (i) file a liquidated plan, (ii) seek to convert this case to a chapter 7 case or seek to dismiss this case. Debtor believes it can propose a viable plan of reorganization. If a liquidating plan is the chosen path, debtor needs sufficient time to draft these documents, circulate them to key creditors and parties in interest, incorporate their input and finalize the documents before filing them. If either conversion or dismissal is the chosen path, a plan of reorganization will not be needed. An extension of time is warranted under these facts and circumstances.

6. Without the extension of the exclusivity period, the exclusivity period will lapse on January 29, 2017. Cause to extend the exclusivity period exists here where debtor has conducted itself with good faith in progressing towards viable reorganization.

WHEREFORE, Debtor respectfully requests that the Court extend the exclusivity period in 11 USC § 1121(b) and the deadline for the debtor to file a disclosure statement and a plan of reorganization to a date no earlier than April 17, 2011. Debtor also requests an extension of the exclusivity period in 11 USC § 1121(c) to a date no earlier than June 16, 2017.

Dated: January 23, 2017

                                          Law Office of Stephen T. Boyke

                                          /s/ Stephen T. Boyke
                                          Stephen T. Boyke, OSB # 881628
                                          Attorney For Debtor in Possession

/Users/Steve/Documents/Law Office/Clients/Deer Meadows LLC/Bankruptcy Case/Main/P Motion to Extend Exlusivity.pages

Page 3 of 3 - DEBTOR'S MOTION TO EXTEND THE EXCLUSIVITY PERIODS PURSUANT TO 11 U.S.C. § 1121(d) AND TO EXTEND DEADLINE TO FILE DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION