Stephen T. Boyke, OSB #881628
E-mail: steve@boykelaw.com
Law Office of Stephen T. Boyke
10211 SW Barbur Blvd., Suite 206A
Portland, OR 97205
(503)227-0417
    Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re | ) Case No. 16-33768-pcm11 |
| Deer Meadows, LLC | ) Chapter 11 |
| Debtor. | ) DEBTOR'S MOTION TO DISMISS ) CHAPTER 11 CASE FOR CAUSE ) UNDER 11 USC § 1112(b) |

Debtor moves the Court for an order dismissing this chapter 11 case for cause under 11 USC § 1112(b).

Debtor respectfully represents:

1. Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on September 29, 2016 ("Petition Date").

2. Debtor has continued in possession of its property as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. Kristin Harder is the court appointed designated representative of debtor and has served in this capacity since the Petition Date.

3. This Court has jurisdiction over this matter pursuant to 28 USC §§ 157 and 1334. Venue is proper pursuant to 28 USC §§ 1408 and 1409. This is a core proceeding pursuant to 28 USC § 157(b)(2). The statutory and regulatory bases for the relief requested are 11 USC § 1112, FRBP 1017 and 2002 and LBR 1017-2 and 2002-1.

4. Debtor's primary asset is an assisted living facility located in Sheridan, Oregon ("Property").

5. This bankruptcy case was filed to stop a non-judicial trustee sale of the Property by debtor's major secured creditor, DCR Mortgage VI, Sub IV, LLC ("DCR Mortgage"), to gather time to sell the Property to a third party for significantly more money than DCR Mortgage's secured debt and to propose and seek confirmation of a liquidating plan of reorganization to distribute excess sale proceeds to creditors.

6. In late March 2017, debtor entered into a sale agreement for the Property with a third party. The sale price was $3,300,000. After notice and hearing, the Court approved the sale in May 2017. The sale was supposed to close in the summer of 2017.

7. Delays ensued and the buyer backed out of the sale in late 2017.

8. Debtor, through its court appointed real estate broker, attempted to find other buyers for the Property on the same or similar terms that the original sale agreement contained. No new buyer has been found. Because of the nature of debtor's business operations, any new buyer must obtain State licensing and Federal Medicare approval. This process typically takes a few months.

9. After notice, the Court entered its STIPULATED ORDER GRANTING RELIEF FROM AUTOMATIC STAY TO DCR MORTGAGE VI, SUB IV [Dkt#250] ("362 Order"). Under the terms of the 362 Order, DCR Mortgage was given permission to start and complete and non-judicial trustee sale of the Property (excluding certain personal property assets) ("Foreclosure Sale"). DCR Mortgage agreed to waive accrual of penalty interest from December 29, 2017, in the amount of $8,223 per month, going forward

Page 2 of 4 - DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE FOR CAUSE UNDER 11 USC § 1112(b)

provided debtor found a buyer and paid DCR Mortgage its entire debt (except for the waived penalty interest) before the Foreclosure Sale. The Foreclosure Sale is currently set for August 14, 2018. The terms and provisions of the 362 Order survive dismissal or conversion of this chapter 11 case.

10. DCR Mortgage has also agreed to buy certain personal property from debtor for $50,000 but only if it completes the Foreclosure Sale. Debtor and the four professionals hired in the bankruptcy case[1] are currently negotiating an agreement with debtor under which debtor would grant a security interest to the professionals, pari passu, in personal property to secure their unpaid fess and expenses.

11. Debtor has accrued significant unpaid administrative expenses since the Petition Date for the four professionals appointed in this chapter 11 case, which are now in excess of $150,000. The secured debt against the Property has increased by about $260,000 since the Petition Date. This additional debt consists of unpaid real and personal property taxes, penalty interest to DCR Mortgage and interest accruals for junior liens against the Property (payroll tax liens, a judgment and a loan). Although paid each month, the debtor spends about $2,900 each month for bankruptcy fees to the United States Trustee and to prepare the required monthly FRBP 2015 and cash collateral reports. Other administrative expenses are paid on an ongoing basis and are current.

12. Without a sale of the Property at or near the price in the original sale agreement ($3,300,000), debtor simply cannot propose a plan of reorganization which meets statutory confirmation requirements.

---

[1] These professionals are (i) Law Office of Stephen T. Boyke (Debtor's Bankruptcy Counsel), (ii) Suzanne Koenig (Patient Care Ombudsman), (iii) Ogden Murphy Wallace P.L.L.C. (Debtor's Transaction Counsel) and (iv) Wesley H. Avery (Consumer Privacy Ombudsman).

Page 3 of 4 - DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE FOR CAUSE
UNDER 11 USC § 1112(b)

13. There is a substantial and continuing loss to and diminution of the bankruptcy estate which harms the estate's creditors. There is currently no reasonable likelihood that debtor can rehabilitate in this chapter 11 case.

14. Conversion of this case to a chapter 7 case would likely be disastrous to the resident tenants of the Deer Meadows facility, as a chapter 7 trustee would likely either (i) cease operations resulting in the termination of services and eviction of the tenants or (ii) seek immediate abandonment of the Property.

15. The best interest of creditors will be served if this case is dismissed.

16. Cause exists for dismissal of this case under 11 USC § 1112(b).

Wherefore, Debtor prays for dismissal of its chapter 11 case for cause.

Dated: April 27, 2018

    Law Office of Stephen T. Boyke

    /s/ Stephen T. Boyke
    Stephen T. Boyke, OSB # 881628
    Attorney For Debtor

/Users/Steve/Documents/Law Office/Clients/Deer Meadows LLC/Bankruptcy Case/Main/P Motion to Dismiss Chapter 11 Case.pages